IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL HARVEY GRIDLEY,

    Petitioner,                  No. 2: 08-cv-2659 MCE KJN P

    vs.

JAMES D. HARTLEY,

    Respondent.              FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

Petitioner is a former state prisoner[1] proceeding without counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2005 conviction for forcible oral copulation (Cal. Penal Code § 288a(c)(2)) and forcible lewd acts on a child (Cal. Penal Code § 288(b)(1)). Petitioner was sentenced to six years.

This action is proceeding on the original petition filed November 6, 2008, raising two claims: 1) the trial court erred when it admitted evidence of uncharged acts; 2) jury instruction error. (Dkt. No. 1.) After carefully reviewing the record, the undersigned recommends that the petition be denied.

---

[1] It appears that petitioner is on parole.

1

II. Anti-Terrorism and Effective Death Penalty Act ("AEDPA")

In <u>Williams (Terry) v. Taylor</u>, 529 U.S. 362 (2000), the Supreme Court defined the operative review standard in a habeas corpus action brought pursuant to 28 U.S.C. § 2254. Justice O'Connor's opinion for Section II of the opinion constitutes the majority opinion of the court. There is a dichotomy between "contrary to" clearly established law as enunciated by the Supreme Court, and an "unreasonable application of" that law. <u>Id</u>. at 405. "Contrary to" clearly established law applies to two situations: (1) where the state court legal conclusion is opposite that of the Supreme Court on a point of law; or (2) if the state court case is materially indistinguishable from a Supreme Court case, i.e., on point factually, yet the legal result is opposite.

"Unreasonable application" of established law, on the other hand, applies to mixed questions of law and fact, that is the application of law to fact where there are no factually on point Supreme Court cases which mandate the result for the precise factual scenario at issue. <u>Id</u>. at 407-08. It is this prong of the AEDPA standard of review which directs deference be paid to state court decisions. While the deference is not blindly automatic, "the most important point is that an *unreasonable* application of federal law is different from an incorrect application of law....[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." <u>Id</u>. at 410-11 (emphasis in original). The habeas corpus petitioner bears the burden of demonstrating the objectively unreasonable nature of the state court decision in light of controlling Supreme Court authority. <u>Woodford v. Viscotti</u>, 537 U.S. 19 (2002).

"Clearly established" law is law that has been "squarely addressed" by the United States Supreme Court. <u>Wright v. Van Patten</u>, 552 U.S. 120 (2008). Thus, extrapolations of settled law to unique situations will not qualify as clearly established. See e.g., <u>Carey v. Musladin</u>, 549 U.S. 70, 76 (2006) (established law not permitting state sponsored practices to

1 inject bias into a criminal proceeding by compelling a defendant to wear prison clothing or by
2 unnecessary showing of uniformed guards does not qualify as clearly established law when
3 spectators' conduct is the alleged cause of bias injection).
4    The state courts need not have cited to federal authority, or even have indicated
5 awareness of federal authority, in arriving at their decision. Early v. Packer, 537 U.S. 3 (2002).
6 Nevertheless, the state decision cannot be rejected unless the decision itself is contrary to, or an
7 unreasonable application of, established Supreme Court authority. Id. An unreasonable error is
8 one in excess of even a reviewing court's perception that "clear error" has occurred. Lockyer v.
9 Andrade, 538 U.S. 63, 75-76 (2003). Moreover, the established Supreme Court authority
10 reviewed must be a pronouncement on constitutional principles, or other controlling federal law,
11 as opposed to a pronouncement of statutes or rules binding only on federal courts. Early v.
12 Packer, 537 U.S. at 9.
13    However, where the state courts have not addressed the constitutional issue in
14 dispute in any reasoned opinion, the federal court will independently review the record in
15 adjudication of that issue. "Independent review of the record is not de novo review of the
16 constitutional issue, but rather, the only method by which we can determine whether a silent state
17 court decision is objectively unreasonable." Himes v. Thompson, 336 F.3d 848, 853 (9th Cir.
18 2003).
19    When reviewing a state court's summary denial of a claim, the court "looks
20 through" the summary disposition to the last reasoned decision. Shackleford v. Hubbard, 234
21 F.3d 1072, 1079 n. 2 (9th Cir. 2000).
22 III. Discussion
23   A. Claim 1
24    Petitioner alleges that the admission of uncharged acts violated his right to due
25 process. In particular, pursuant to California Evidence Code § 1108, the trial court admitted
26 testimony from three female relatives of petitioner who claimed they had been molested by

3

petitioner in the past.[2]  Petitioner argued that the testimony from these witnesses was prejudicial and cumulative.

There is no Supreme Court precedent prohibiting the use of uncharged sexual offenses to prove propensity.  See Estelle v. McGuire, 502 U.S. 62, 75 n. 5 (1991) ("Because we need not reach the issue, we express no opinion on whether a state law would violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime."); Larson v. Palmateer, 515 F.3d 1057, 1065-66 (9th Cir. 2008) (concluding that because the Supreme Court has "expressly reserved the question of whether using evidence of the defendant's past crimes to show that he has a propensity for criminal activity could ever violate due process," the state court "did not unreasonably apply clearly established federal law in determining that the admission of evidence of Larson's criminal history did not violate due process" (citations omitted)).

Moreover, both the Ninth Circuit and California Supreme Court have expressly held that admission of prior sexual offense evidence under California Evidence Code § 1108 does not violate due process.  See Mejia v. Garcia, 534 F.3d 1036, 1046-47 (9th Cir. 2008) (admission of propensity evidence pursuant to Section 1108 against a defendant charged with rape did not violate his clearly established due process rights); People v. Falsetta, 21 Cal.4th 903, 917 (1999) (admission of prior sex offenses pursuant to Section 1108 did not deny defendant due process).

For the reasons stated above, admission of petitioner's prior uncharged misconduct did not violate his right to due process.  After conducting an AEDPA review, the undersigned recommends that this claim be denied.

////

---

[2] Cal. Evid. Code § 1108 provides, in relevant part, "In a criminal action in which the defendant is accused of a sexual offense, evidence of the defendant's commission of another sexual offense or offenses is not made inadmissible by Section 1101, if the evidence is not inadmissible pursuant to Section 352."  Cal. Evid. Code § 1108(a).

B. <u>Claim 2</u>

Petitioner argues that the trial court misinstructed the jury regarding the use of prior uncharged acts. The California Court of Appeal denied this claim for the reasons stated:

> Defendant objects to the trial court's giving of CALJIC No. 2.50.01, which explains the use of evidence of prior uncharged sexual offenses, arguing the instruction violated his due process rights.FN3 We evaluate instructional error by examining jury instructions as a whole and determining whether there is a reasonable likelihood the jury misunderstood the instructions in the manner suggested by the defendant. (<u>People v. Holt</u> (1997) 15 Cal.4th 619, 677; <u>People v. Clair</u> (1992) 2 Cal.4th 629, 662-663.)
>
>> FN3. As defendant did not object to the instruction at trial, we initially address forfeiture. The dichotomy of defendant's forfeiture argument defies logic. If, as defendant argues, raising the argument he raises here would have been futile because the Supreme Court had recently rejected the argument in <u>People v. Reliford</u> (2003) 29 Cal.4th 1007, 1016 (<u>Reliford</u>), then we must also reject the argument, as we are bound by the Supreme Court's decision. (<u>Auto Equity Sales, Inc. v. Superior Court</u> (1962) 57 Cal.2d 450, 455.) And if, as defendant also argues, he is making a different argument than the argument addressed in <u>Reliford</u>, then he should have raised it in the trial court. Nevertheless, although defendant failed to object to the giving of CALJIC No. 2.50.01, we may review his claims to determine if his substantial rights were affected. (Pen.Code, § 1259.) Thus, we address and dispose of his arguments.
>
> As given, CALJIC No. 2.50.01 states: "Evidence has been introduced for the purpose of showing that the Defendant engaged in a sexual offense on one or more occasions other than that charged in this case. [¶] 'Sexual offense' means a crime under the laws of a state or of the United States that involves any of the following: any conduct made criminal by Penal Code Section 288(a). The elements of this crime are set forth elsewhere in these instructions .[¶] If you find that the Defendant committed a prior sexual offense, you may, but are not required, to infer that the Defendant had a disposition to commit sexual offenses. If you find that the Defendant had this disposition, you may, but are not required to infer, that he was more-he was likely to commit and did commit the crime or crimes of which he is accused. [¶] However, if you find by a preponderance of the evidence that the Defendant committed a prior sexual offense, that is not sufficient by itself to prove beyond a reasonable doubt that he committed the charged crimes. If you determine an inference properly can be drawn from this evidence, this inference is simply one item for you to consider, along with all the other evidence, in determining whether the Defendant has been proved guilty beyond a reasonable doubt of the crime charged. [¶] Unless you are otherwise instructed, you must not consider this evidence for any other purpose."
>
> Defendant contends that because the jury was instructed that other crimes need be proved only by a preponderance of the evidence, pursuant to CALJIC No. 2.50.01, the prosecution's burden of proof as to the charged crimes was reduced from the required proof beyond a reasonable doubt, in violation of his Fourteenth

5

1    Amendment due process rights. We reject his argument.

2    The California Supreme Court upheld CALJIC No. 2.50.01 against constitutional attack in Reliford, supra, 29 Cal.4th at page 1016. The Supreme Court found no
3    constitutional error in the 1999 version of CALJIC No. 2.50.01, finding it correctly stated the law and did not lower the prosecution's burden of proof or
4    mislead the jury as to the limited purpose of the prior crimes evidence. (Reliford, supra, at pp. 1009, 1016.)

5

6    The jury in this case was instructed with the 2002 version of CALJIC No. 2.50.01, which is identical to the 1999 version in its explanation of the law on permissive inferences and the burden of proof, but also includes the cautionary statement:
7    "[I]f you determine an inference properly can be drawn from this evidence, this inference is simply one item for you to consider, along with all the other evidence,
8    in determining whether the Defendant has been proved guilty beyond a reasonable doubt of the crime charged." As noted by the Supreme Court, this statement
9    provides additional guidance on the permissible use of other-acts evidence and "reminds the jury of the [beyond-a-reasonable-doubt] standard of proof for a
10   conviction of the charged offenses." (Reliford, supra, 29 Cal.4th at p. 1016.)

11   Although defendant claims Reliford is flawed, it is dispositive of his claim. (Auto Equity Sales, Inc. v. Superior Court, supra, 57 Cal.2d at p. 455 [decisions of the
12   California Supreme Court are binding upon courts of appeal and trial courts in this state].) Defendant also attempts to distinguish his argument from that rejected in
13   Reliford by arguing: "[Defendant] does not contend that under CALJIC No. 2.50.01 the prior act evidence alone may lead to a conviction, but that in
14   combination with other evidence it may do so. This more limited use of evidence proven by less than a reasonable doubt is as constitutionally infirm as a conviction
15   based solely on prior act evidence proven under a relaxed standard."

16   Defendant's attempt to distinguish Reliford, however, is unavailing. As explained in Reliford, "[n]othing in the instructions authorized the jury to use the
17   preponderance-of-the-evidence standard for anything other than the preliminary determination whether defendant committed a prior sexual offense...." (Reliford,
18   supra, 29 Cal.4th at p. 1016.)

19   Defendant insists it is a violation of due process for the jury to use the preponderance-of-the-evidence standard to make the preliminary determination
20   whether defendant committed a prior sexual offense. He argues this is unconstitutional because "[t]he jury should be instructed that any and all evidence
21   used by the jury as evidence that the defendant is guilty must be proven beyond a reasonable doubt." He is wrong.

22

23   The California Supreme Court has long held that prior crimes need only be proved by a preponderance standard. (People v. Lisenba (1939) 14 Cal.2d 403, 429-430
24   [prior crime need not be proven beyond a reasonable doubt to be admitted to show intent for current crime]; People v. Durham (1969) 70 Cal.2d 171, 187, fn. 15
25   ["Although a person charged with crime cannot be convicted thereof unless he is proved guilty beyond a reasonable doubt, other uncharged offenses introduced to show the existence of some element of the charged crime need only be proved by
26   a preponderance of substantial evidence"]; People v. Tewksbury (1976) 15 Cal.3d

6

1   953, 965 [collateral facts need not be proven beyond a reasonable doubt]; People
    v. Medina (1995) 11 Cal.4th 694, 763-764 [preponderance of the evidence
2   standard proper for proving prior crimes during guilt phase]; People v. Carpenter
    (1997) 15 Cal.4th 312, 380-383 [prior crimes used to prove intent may be
3   established by a preponderance of the evidence].)

4   Indeed, defendant's contention was rejected in both People v. Medina, supra, 11
    Cal.4th 694 and People v. Carpenter, supra, 15 Cal.4th 312. The discussion in
5   Medina begins with the premise that a criminal defendant has a due process right
    to have each fact necessary to conviction proved beyond a reasonable doubt. The
6   court explained, however, that "facts tending to prove the defendant's other crimes
    ... are deemed mere 'evidentiary facts' that need not be proved beyond a
7   reasonable doubt as long as the jury is convinced, beyond such doubt, of the truth
    of the 'ultimate fact' of the defendant's knowledge or intent." (Medina, supra, at p.
8   763, quoting People v. Lisenba, supra, 14 Cal.2d at pp. 430-431.) The court found
    no compelling reason to reconsider the longstanding preponderance rule. (Medina,
9   supra, at p. 764.) Noting that the United States Supreme Court, interpreting the
    Federal Rules of Evidence, has adopted the preponderance standard for such
10  evidence, the court in Carpenter reaffirmed that rule. (Carpenter, supra, 15 Cal.4th
    at pp. 380-383, citing Huddleston v. United States (1988) 485 U.S. 681, 687 fn. 5,
11  690 [99 L.Ed.2d 771, 781], Bourjaily v. United States (1987) 483 U.S. 171,
    175-176 [97 L.Ed.2d 144, 152-153]; and Dowling v. United States (1990) 493
12  U.S. 342, 347-348 [107 L.Ed.2d 708, 717, 718].)

13  Finally, defendant relies on Gibson v. Ortiz (9th Cir.2004) 387 F.3d 812, to
    support his contention that CALJIC No. 2.50.01 is unconstitutional. Such reliance,
14  however, is misplaced. In Gibson, the jury was instructed, using CALJIC No.
    2.50.1 and the 1996 version of CALJIC No. 2.50.01, and told that if it found, by a
15  preponderance of the evidence, that the defendant had committed a prior sexual
    offense, it could infer that he had a disposition to commit such offenses and that
16  he was likely to and did commit the charged offenses. The Ninth Circuit held that
    the two instructions, read together, instructed the jury that it could find the
17  defendant guilty based solely on facts it found true merely by a preponderance of
    the evidence. Although the jury was given other instructions on the burden of
18  proof, it was not told how those instructions should be harmonized with CALJIC
    Nos. 2.50.1 and 2.50.01. (Gibson v. Ortiz, supra, at pp. 822-823.) Gibson is
19  inapposite. The Gibson court reviewed the 1996 version of CALJIC No. 2.50.01,
    which lacked the cautionary language contained in the 2002 version given in this
20  case and approved by Reliford. (See Gibson, supra, at pp. 817-819.) This
    distinction was noted in the recent Ninth Circuit case, Hassinger v. Adams (9th
21  Circ. July 23, 2007, No. 06-15445 [WL 2095340] ), which distinguished Gibson
    on this ground and found the cautionary language, in conjunction with the proper
22  reasonable doubt instruction, adequately addressed the constitutional concerns in
    Gibson. Moreover, Gibson addressed the interplay between the former version of
23  CALJIC No. 2.50.01 and CALJIC No. 2.50.1-yet, as discussed infra, the court did
    not give CALJIC No. 2.50.1 in this case. Additionally, we are bound by the
24  California Supreme Court's decision in Reliford, which unlike Hassinger, Gibson
    notably fails to discuss or cite, over any federal circuit court decision, even on
25  federal issues. (See People v. Bradley (1969) 1 Cal.3d 80, 86.)

26

> Since we find no error with respect to the giving of CALJIC No. 2 .50.01, we need not address defendant's claim of prejudice.

Respondent's Lodged Document 2, pp. 13-19.

The U.S. Supreme Court has made clear that the Due Process Clause is violated if the trial court fails to properly instruct the jury that the defendant is presumed innocent until proven guilty beyond a reasonable doubt. See Middleton v. McNeil, 541 U.S. 433, 437 (2004). Thus, due process "requires the prosecution to prove every element charged in a criminal offense beyond a reasonable doubt." Gibson v. Ortiz, 387 F.3d 812, 820 (9th Cir. 2004), overruled on other grounds by Byrd v. Lewis, 566 F.3d 855, 866 (9th Cir. 2009) (citing In re Winship, 397 U.S. 358, 364 (1970)). "Any jury instruction that 'reduce[s] the level of proof necessary for the Government to carry its burden ... is plainly inconsistent with the constitutionally rooted presumption of innocence.'" Gibson, 387 F.3d at 820 (alterations in original) (quoting Cool v. United States, 409 U.S. 100, 104 (1972)).

As noted by the California Court of Appeal, the California Supreme Court found that the 2002 version of CALJIC 2.50.01 passed constitutional muster. People v. Reliford, 29 Cal. 4th 1007 (2003). Challenges to the constitutionality of the 2002 version of CALJIC No. 2.50.01 have been rejected by numerous federal courts in unpublished opinions on the basis that "the 2002 version is materially different, as it includes an explicit admonition that the evidence of a prior sexual offense is not, by itself, sufficient to convict the defendant of the charged crimes." Abel v. Sullivan, No. 08-55612, 2009 WL 1220761, * 3 (9th Cir. 2009); see e.g., Soto v. Adams, 2010 WL 1286877, *11-12 (E.D.Cal. March 29, 2010) (2002 version); Barreto v. Martel, 2010 WL 546586, *10-12 (N.D.Cal. Feb.10, 2010) (2002 version). In addition, the instruction given in this case cautions the jury that the defendant must be proved guilty beyond a reasonable doubt of the charged offenses. (Clerk's Transcript at 37-38.) For these reasons, the undersigned finds that the denial of this claim by the California Court of Appeal was not an unreasonable application of clearly established Supreme Court authority. This claim should be

denied.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 9, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gri2659.157